# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
Case No. 5:25-cv-792

| | |
|---|---|
| GRAY CONSTRUCTION, INC. d/b/a JAMES N. GRAY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUTURE MEAT TECHNOLOGIES, INC. d/b/a BELIEVER MEATS, <br><br> Defendant. | **COMPLAINT** |

Plaintiff Gray Construction, Inc. d/b/a James N. Gray Company, Inc. ("Gray") hereby brings this action against Defendant Future Meat Technologies, Inc. d/b/a Believer Meats ("Believer") and alleges as follows:

## INTRODUCTION

1. This case arises from Believer's breach of an October 8, 2025 Forbearance and Release Agreement ("Forbearance Agreement"), which Gray and Believer executed to resolve disputes relating to, *inter alia*, Believer's failure to pay amounts owed to Gray for design and construction work provided to Believer for a project in Wilson County, North Carolina.

2. Gray has complied with its obligations under the Forbearance Agreement. Believer did not, including by failing to pay Gray an initial payment of $22 million that was due on or before December 5, 2025. As a result of Believer's breach of the Forbearance Agreement, Gray is entitled to recover from Believer $34 million plus interest, attorneys' fees, and costs.

## PARTIES

3. Gray is a Kentucky corporation with a principal place of business in Lexington, Kentucky. Gray furnishes design, engineering, and construction services.

4. Upon information and belief, Believer is a Delaware corporation with a principal place of business in Chicago, Illinois. Believer is in the business of cultivating and selling meat grown from animal cells. It has a commercial production facility located at 4939 Lamm Rd., Wilson, North Carolina 27893 ("Property") and is the record owner of the Property.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity between the parties as Gray is a citizen of Kentucky and Believer is not a citizen of Kentucky.

6. This Court has personal jurisdiction over Believer pursuant to an enforceable forum-selection clause in the Forbearance Agreement, pursuant to which Believer and Gray consented to the exclusive jurisdiction of the state or federal courts located in Wilson County, North Carolina. (Ex. 1, Forbearance Agreement, at § 12.3.) The Court also has personal jurisdiction over Believer by virtue of Believer regularly conducting business in North Carolina, including through ownership of the Property and the production facility at the Property, which are at the core of this dispute.

7. Venue is proper in this Court pursuant to the Forbearance Agreement's forum-selection clause, which provides that the exclusive jurisdiction for all actions or proceedings relating to the Forbearance Agreement shall be the state or federal courts located in Wilson County, North Carolina. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because the Property and the production facility at the core of this dispute are located within the Eastern District of North Carolina (Western Division).

## FACTS

8. Pursuant to a May 19, 2023 Agreement between Believer, as Owner, and Gray, as Design-Builder ("DB Agreement"),[1] Gray provided various design and construction services, labor, work, equipment, and materials ("Work") at Believer's production facility on the Property ("Project").

9. Gray provided the design and construction Work required under the parties' DB Agreement pursuant to the terms of the DB Agreement, including additional work agreed to through change orders and other modifications. Gray completed its Work on the Project on or around August 8, 2025 (excluding certain warranty work).

10. Under the DB Agreement, Believer was obligated to pay Gray for the Work performed.

11. Despite Gray's performance under the DB Agreement and multiple requests for payment of outstanding invoices and amounts owed, Believer refused or otherwise failed to pay Gray the amounts owed, thereby breaching the DB Agreement.

12. The principal amount of Gray's unpaid invoices under the DB Agreement, with appropriate adjustments under the DB Agreement (e.g., shared savings, allowance reconciliation), exceeds $35 million.

13. Believer's failure to pay amounts owed under the DB Agreement has been an ongoing problem. Indeed, on October 15, 2024, in exchange for a revised payment schedule for the amounts then owed and incurred under the DB Agreement, Believer executed in favor of Gray a Promissory Note in the original principal amount of $25 million (as amended, "Note"), which is secured by an October 15, 2024 Deed of Trust recorded with the Wilson County, North

---

[1] The term "DB Agreement" includes agreed modifications to the DB Agreement through amendment, change order, or otherwise.

Carolina Register of Deeds (Book 3086, Page 770) ("Mortgage"). The outstanding balance owed under the Note, inclusive of amounts owed under the DB Agreement, exceeds $36.4 million.

14. On October 8, 2025, following significant discussion and correspondence regarding amounts Believer owes under the DB Agreement and Note, Gray and Believer executed the Forbearance Agreement "[t]o avoid immediate escalation and to facilitate a negotiated resolution" of the parties' dispute. (Ex. 1 at Recital F; *see also id.* at § 9 (providing that the Forbearance Agreement "reflects compromise and settlement").) Among other things, Gray agreed to defer (but not waive) certain enforcement rights under the DB Agreement, Note, and Mortgage, including initiation of enforcement actions based on Believer's prior breaches of the DB Agreement and Note. (*Id.* at § 1.1.)

15. In return, Believer agreed, *inter alia*, to pay Gray $34 million pursuant to the following payment schedule: (a) $22 million on December 5, 2025, with the Forbearance Agreement expressly providing that "[t]ime is of the essence" (*id.* at §§ 1.2(i), 4.1); (b) $6 million on March 31, 2026 (*id.* at §§ 1.2(ii), 4.3); and (c) $6 million on May 31, 2026. (*Id.* at §§ 1.2(iii), 4.4.)

16. Gray has complied with its obligations under the Forbearance Agreement by, for example, not exercising certain enforcement rights under the DB Agreement, Note, and Mortgage during the relevant Forbearance Period and by diligently completing and/or addressing the "Open Items" identified in the Forbearance Agreement. (*Id.* at § 1.1 and Ex. A.)

17. Believer, on the other hand, materially breached the Forbearance Agreement by failing to make the initial $22 million payment on or before December 5, 2025 (or any other

payment), which constitutes a "Termination Event" under the Forbearance Agreement. (*Id.* at § 7.1.)

18. Believer further materially breached the Forbearance Agreement by failing to "cooperate and execute any further documents reasonably requested to effectuate expedited foreclosure and sale" of the Property (*id.* at § 3.2), including a confession of judgment against Believer. (*See also id.* at § 6.3.)

19. Thus, the forbearance period "automatically ends without further notice, and Gray may immediately exercise any and all rights and remedies under this [Forbearance] Agreement, the DB Agreement,[2] the Note, the Mortgage, and applicable law." (*Id.* at § 7.2 (further providing that "[a]ny tolling of deadlines or cure periods during the Forbearance Periods shall cease, and all such periods shall be deemed satisfied to permit immediate enforcement"); *see also id.* at § 3.2 ("... Believer agrees to waive defenses, notices, cure periods, bonds, and stays ....").)

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Forbearance Agreement)**

20. Gray incorporates all preceding paragraphs as if set forth in their entirety.

21. The Forbearance Agreement is a valid and legally binding contract between Believer and Gray, pursuant to which Believer was obligated to pay Gray $34 million, with an initial payment of $22 million due on or before December 5, 2025. Time was of the essence.

22. Gray has complied with its obligations under the Forbearance Agreement.

23. Believer, on the other hand, materially breached the Forbearance Agreement by, *inter alia*, failing to make the initial $22 million payment on December 5, 2025 (or any other

---

[2] Unlike the Forbearance Agreement, the DB Agreement contains a binding and enforceable arbitration clause requiring the parties' disputes under the DB Agreement to be resolved through binding arbitration administered by the American Arbitration Association ("AAA"). Gray does not waive, and instead expressly reserves, its right to arbitrate the parties' disputes under the DB Agreement.

payment) and by failing to execute documents reasonably requested to effectuate expedited foreclosure and sale of the Property.

24. Also, under the Forbearance Agreement, "Believer shall reimburse Gray upon demand for all reasonable out-of-pocket fees and costs, including attorneys' fees, incurred in enforcing this [Forbearance] Agreement and any foreclosure or related proceedings." (*Id.* at § 10.) Gray hereby demands such out-of-pocket fees and costs, including attorneys' fees.

25. As a direct and proximate result of Believer's breach of contract, Gray has been damaged in an amount of at least $34 million, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Gray respectfully requests that the Court:

1. Enter judgment for Gray and against Believer in an amount to be determined at trial but at least $34 million as a result of Believer's breach of the Forbearance Agreement;

2. Grant Gray pre- and post-judgment interest as allowed by the Forbearance Agreement and law;

3. Award Gray its reasonable attorneys' fees in connection with the prosecution of this action and any foreclosure or related proceedings;

4. Tax the costs of this action against Believer; and

5. Grant Gray such additional relief as the Court deems just and proper.

Respectfully submitted on December 6, 2025.

        **Womble Bond Dickinson (US) LLP**

        /s/ *James S. Derrick*
        James S. Derrick (N.C. Bar No. 39632)
        Emmett J. Whelan (N.C. Bar No. 58139)
        301 South College Street, Suite 3500
        Charlotte, North Carolina 28202-6037
        Telephone: (704) 331-4913
        Facsimile: (704) 338-7819
        Email: james.derrick@wbd-us.com
        Email: emmett.whelan@wbd-us.com

        *Counsel for Plaintiff Gray Construction, Inc. d/b/a James N. Gray Company, Inc.*

7

Case 5:25-cv-00792-M-RN    Document 1    Filed 12/06/25    Page 7 of 7